UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jonathan Andrew Rabinowitz-Perfetto

   v.                                             Civ. No. 16-cv-473-SM

Helen Hanks, Commissioner,
New Hampshire Department of Corrections[1]

**REPORT AND RECOMMENDATION**

Before the court are petitioner Jonathan Andrew Rabinowitz-Perfetto's motion for a stay (Doc. No. 21) and motion to withdraw (Doc. Nos. 25, 29) the motion for a stay. Respondent has not filed a response to either motion.

In this habeas action, Rabinowitz-Perfetto has asserted the following four claims for relief:

    1.   Rabinowitz-Perfetto's trial counsel failed to provide him with the effective assistance of counsel, in violation of Rabinowitz-Perfetto's Sixth and Fourteenth Amendment rights, by:

        a.   failing to investigate or pursue an insanity defense;

        b.   failing to properly litigate Rabinowitz-Perfetto's competency to stand trial by not providing

---

[1] Rabinowitz-Perfetto named Michael Zenk, the former warden of the New Hampshire State Prison for Men as the respondent to this action. The court has substituted the name of the current New Hampshire Department of Corrections ("DOC") Commissioner, Helen Hanks, as the respondent in this case, as Rabinowitz-Perfetto is a DOC inmate presently housed at a prison in Montana.

> the forensics examiner who conducted the competency evaluation with petitioner's mental health records; and
>
> c.   failing to obtain an expert witness to present mitigating evidence concerning Rabinowitz-Perfetto's mental illness at his sentencing hearing.
>
> 2.   Rabinowitz-Perfetto's sentence violates his Eighth Amendment right not to be subjected to cruel and unusual punishment, and his rights under the Fourteenth Amendment and the New Hampshire Constitution, as the sentence is excessive and grossly disproportionate to the charged offenses.

Apr. 17, 2017 Order (Doc. No. 7) ("April 17 Order"), at 3-4.

Rabinowitz-Perfetto asserts that while Claims 1(b) and 1(c) have been exhausted, he has not exhausted Claims 1(a) or 2. The court has not made any finding in this case as to whether any of the claims Rabinowitz-Perfetto has asserted have been exhausted.

Petitioner now seeks to dismiss the two claims he asserts are unexhausted, Claims 1(a) and 2 from this action, and to withdraw his pending motion to stay this case to allow him to exhaust those claims. Petitioner states that, while he did commence a state court action to exhaust Claims 1(a) and 2 in February 2018, "[a]fter review of the State's cited case law, the Petitioner does not want to 'beat a dead horse,' so the Petitioner wishes to withdraw his motion to stay his case." Apr. 13, 2018 Mot. Withdraw Mot for Stay (Doc. No. 25), at 2; see also May 8, 2018 Mot. Addend Mot. Withdraw (Doc. No. 29), at 3. Petitioner has acknowledged that in withdrawing Claims 1(a)

and 2, he is likely foregoing the opportunity to obtain habeas relief in the future as to those claims, due to the bar on successive habeas petitions in 28 U.S.C. § 2244.  See May 8, 2018 Mot. Addend Mot. Withdraw (Doc. No. 29), at 3.

Because Rabinowitz-Perfetto has opted not to pursue exhaustion of Claims 1(a) and 2 in the state courts, while recognizing the impact of § 2244's bar on successive petitions, the district judge should grant the motion to forego those claims (Doc. Nos. 25, 29).  Further, the district judge should allow Rabinowitz-Perfetto to withdraw his Motion to Stay (Doc. No. 21).  Rabinowitz-Perfetto's habeas action should then proceed as to the claims identified above as Claims 1(b) and 1(c).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 28, 2018

cc:  Jonathan Andrew Rabinowitz-Perfetto, pro se
     Elizabeth C. Woodcock, Esq.