UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jonathan Andrew Perfetto
    Petitioner

v.                                    Case No. 16-cv-473-SM
                                      Opinion No. 2019 DNH 061

Warden, New Hampshire State Prison
    Respondent

**O R D E R**

Petitioner Jonathan Andrew Perfetto has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his present incarceration violates his constitutional rights. See Petition for Habeas Corpus (Doc. No. 1). Presently before the court is the respondent's motion to dismiss that petition on grounds that it was untimely filed. See Motion to Dismiss (Doc. No. 24). Petitioner objects (Doc. Nos. 53, 55). The respondent has filed a reply to the objection (Doc. No. 56).

For the reasons stated, respondent's motion to dismiss is granted.

**Background**

On December 19, 2011, Perfetto pleaded guilty in New Hampshire Superior Court to five counts of possession of child

sexual abuse images, and seven counts of failing to comply with sex offender registration and/or reporting requirements. He was sentenced to serve two consecutive ten to twenty-year prison terms and additional suspended concurrent prison sentences. See State v. Perfetto, No. 216-2011-CR-00107 (N.H. Super. Ct., Hillsborough Cty.) ("Criminal Case"). Perfetto did not file a direct appeal of his conviction or sentence, nor did he seek sentence review (as is permitted under state law). The Superior Court docket indicates that on July 16, 2012, and August 10, 2012, Perfetto filed motions in the trial court to withdraw his guilty plea. See id., Criminal Case, Index Nos. 45, 48. That court denied those motions on October 23, 2012. See id., Index No. 50.

In the meantime, on August 12, 2012, while Perfetto's post-conviction motions were still pending in the state court, Perfetto was diagnosed with septicemia and MRSA and was sent to the emergency room with a life-threatening 107-degree fever which rendered him unconscious for three days. He was initially hospitalized at an outside hospital and then moved to the prison infirmary for more than a month. Perfetto claims that his high fever resulted in his having significant memory problems that interfered with his ability to litigate matters until May 2013.

On December 26, 2012 - more than a year after his convictions - Perfetto filed a motion to vacate his conviction in the trial court.[1]  See id., Index No. 51.  That motion was denied on January 9, 2013.  See id., Index No. 52.

Approximately nine months later, on September 15, 2014, Perfetto filed a fourth motion in the trial court, again seeking to withdraw his guilty plea.  See id., Index. No. 53.  That motion was denied on February 17, 2015.  See id., Index No. 64.  Perfetto appealed the denial of that motion to the New Hampshire Supreme Court ("NHSC").  See id., Index No. 66.  That court declined to accept the appeal on May 11, 2015, see Doc. No. 24-1, and issued the certificate of declination on June 1, 2015, see, Criminal Case, Index No. 68.  But, says Perfetto, he did not personally receive notice that his appeal had been declined until more than four months later, on October 26, 2015.[2]  See

---

[1]   In the motion to dismiss, the respondent states that the Superior Court docketed petitioner's motion on January 3, 2013, but the motion was dated December 26, 2012.  See Doc. No. 24, at 3 n.4.  As the pertinent motion was filed by the incarcerated petitioner acting pro se, the court will apply the "prison mailbox rule," and assume, for purposes of considering the motion to dismiss, that petitioner's motion was placed in the prison mail, and thus filed, on December 26, 2012.

[2]   The record in this case indicates that the NHSC's May 11, 2015 order declining Perfetto's appeal was sent to his post-conviction attorney and to the trial court on June 1, 2015, but does not indicate the date Perfetto personally received notice of the declination.

Petition for Habeas Corpus, at paras. 31, 32. Perfetto asserts in his petition that he filed a petition for a writ of certiorari in the United States Supreme Court appealing the NHSC's declination of his appeal, but ultimately abandoned that petition due to his inability to comply with certain filing requirements of that court. Perfetto filed his petition for federal habeas corpus relief in this court on October 27, 2016 – nearly five years after the state trial court accepted his guilty pleas and sentenced him to prison.[3]

After Perfetto filed his petition here, the court directed him to show cause why his petition should not be dismissed as untimely. See Apr. 17, 2017 Order (Doc. No. 7) ("April 17 Order"). Perfetto responded to the April 17 Order, stating that the court should find his petition to be timely for the following reasons:

1. The limitations period should not begin to run until May 2, 2012, because that was when he was able to obtain access to legal materials and research resources to determine when his statute of limitations would expire; and

2. Perfetto sustained a head injury which resulted in his being committed to SPU for 333 days, from

---

[3] The court received Perfetto's petition, which was sent by mail, on October 27, 2016. The court assumes that, pursuant to the "mailbox rule," Perfetto's petition was placed in the prison mail, and thus filed in this court, in the several days prior to the date the court received it.

4

> June 23, 2013 to May 20, 2014, during which time
> he was "legally incompetent to engage in legal
> matters."

See May 19, 2017 Addendum to Petition (Doc. No. 9), at 4-6.

Without making a finding as to the timeliness of Perfetto's petition, the court thereafter directed the respondent to file an answer to the petition. See Jan. 4, 2018 Order (Doc. No. 15). In response, the respondent filed a motion to dismiss the petition on grounds that this federal habeas action is untimely. And, because Perfetto had been transferred to a prison in Montana, the court appointed counsel to represent him to ensure that he was able to access the legal resources necessary to properly respond to the motion to dismiss. See June 28, 2018 Order (Doc. No. 33).

Counsel objected to the motion to dismiss, asserting that the limitations period for this habeas action should be statutorily tolled for 343 days, during the time Perfetto had post-conviction litigation pending in the state court, and for an additional 1,126 days, representing the time Perfetto asserts he was receiving mental health treatment at the New Hampshire State Prison, at either the Secure Psychiatric Unit ("SPU") or

the Residential Treatment Unit ("RTU"). See Feb. 25, 2019 Objection to Motion to Dismiss (Doc. No. 53).

**Discussion**

I. <u>Standard of Review</u>.

A petitioner's compliance with the statute of limitations for filing a § 2254 petition is a threshold issue. See Day v. McDonough, 547 U.S. 198, 209 (2006). A district court may dismiss a § 2254 petition sua sponte if a time bar is apparent on the face of the petition, and if the parties have received fair notice and an opportunity to object. See id. at 209-10. The parties in this case received fair notice of the statute of limitations issue that the court initially identified in screening the petition, see April 17 Order, and they have had ample opportunity to brief all of the issues pertinent to the statute of limitations.

Accordingly, the court treats the instant motion as one in the nature of summary judgment, seeking dismissal based on matters including dates and court filings that are susceptible to judicial notice and documents filed as exhibits by the parties, and assigns the burdens of production and proof accordingly. Cf. Flovac, Inc. v. Airvac, Inc., 817 F.3d 849, 853 (1st Cir. 2016). The court notes, in this regard, that

although the petitioner bears the burden of demonstrating the facts upon which a court may find grounds for equitable tolling, see Holland v. Florida, 560 U.S. 631, 649 (2010), he has not argued that an evidentiary hearing is necessary on that issue.

II. Statute of Limitations.

There is a one-year statute of limitations applicable to § 2254 petitions. See 28 U.S.C. § 2244(d)(1); Blue v. Medeiros, 913 F.3d 1, 2 (1st Cir. 2019). Excluded from the limitations period is the time during which any relevant state post-conviction proceedings were pending. See 28 U.S.C. § 2244(d)(2); Blue, 913 F.3d at 2. However, state post-conviction proceedings filed after the expiration of the statute of limitations has expired do not reset the limitations clock. See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007), abrogated on other grounds, Holland, 560 U.S. at 649.

A limitations period in a habeas case may be equitably tolled if the petitioner shows "that he or she has diligently pursued her rights, but some extraordinary circumstance, or obstacle, prevented timely filing." Blue, 913 F.3d at 8. Equitable tolling "is limited to rare and exceptional cases." Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012) (quoting Holland, 560 U.S. at 649). "A habeas petitioner bears the

burden of establishing the basis for equitable tolling." Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010).

A petitioner's impaired mental health or physical condition may provide grounds for equitable tolling, if the petitioner "can show that, during the relevant time frame, he suffered from a mental illness or impairment that so severely impaired his ability either effectively to pursue legal relief . . . [on his own] or, if represented, effectively to assist and communicate with counsel." Id. at 40. "Although the First Circuit has not specifically addressed whether physical medical conditions qualify as extraordinary circumstances, at least two other circuits have held that physical medical conditions can qualify as extraordinary circumstances warranting equitable tolling" under circumstances where such conditions actually prevented timely filing. Reaves v. Vidal, No. 16-cv-10169-IT, 2017 U.S. Dist. LEXIS 35499, at *7, 2017 WL 975944, at *2 (D. Mass. Mar. 13, 2017) (collecting cases).

III. Calculation of Limitations Period.

Perfetto was convicted and sentenced on December 19, 2011, and he did not file a direct appeal of his conviction. Accordingly, the statute of limitations for his § 2254 petition began to run thirty days later, on January 18, 2012, when his

conviction became final.  Without any tolling of the one-year deadline, therefore, the limitations period for Perfetto to file a federal habeas petition would have expired on January 18, 2013.[4]

Between January 18, 2012 and July 15, 2012, Perfetto did not file any post-conviction challenges in the state court.  In his objection to the motion to dismiss, Perfetto argues that the limitations period should be equitably tolled, however, from January 18, 2012 until July 16, 2012, alleging that he was housed in SPU and RTU, receiving mental health treatment, during that time.  Perfetto's mental illness, therapeutic housing placement, and treatment status, however, do not alone warrant any tolling of the limitations period in this case.  See Holmes, 685 F.3d at 62.  Perfetto must also demonstrate that those facts prevented him from pursuing this matter, or otherwise caused a

---

[4] In his May 19, 2017 Response (Doc. No. 9) to the court's order to show cause, Perfetto argued that the court should find that the limitations period for Perfetto to file his federal habeas petition began to run on May 2, 2012, the date Perfetto obtained legal materials which provided him with accurate information about his filing obligations.  But, ignorance of the correct limitations period is insufficient to warrant equitable tolling.  See Roldan v. Reilley, No. 13-cv-447-PB, 2014 U.S. Dist. LEXIS 98599, at *13-*14, 2014 WL 3573596, at *4, 2014 DNH 158 (D.N.H. July 21, 2014) (equitable tolling is not available to excuse an untimely filing based on "'confusion or ignorance about the law'" (citation omitted)).  Perfetto abandoned that argument in his objection to the respondent's motion to dismiss.

9

delay in his filing of this matter.  See id.  Perfetto has not made such a showing.

Through counsel, Perfetto has simply filed his prison mental health records, see Doc. No. 55, without explaining how the contents of those files demonstrate that he was unable to file a habeas petition during the limitations period.[5]  Moreover, the records do not substantiate Perfetto's claim that he was housed in SPU or RTU during that period.  The court finds, therefore, that Perfetto has not demonstrated that there is a genuine issue of material fact as to whether he is entitled to equitable tolling of the first 178 days of the limitations period, that ended on July 16, 2012.

As of July 16, 2012, 187 days remained of the 365-day limitations period.  On July 16, 2012 and again on August 10, 2012, Perfetto filed motions in the state court challenging his convictions.  Both motions were denied on October 23, 2012.  Perfetto did not appeal that decision.  The time during which those motions were pending is statutorily excluded from the limitations period pursuant to § 2244(d)(2).  Therefore, as of

---

[5]  Although this court is not obligated to comb through those exhibits to find support for matters upon which petitioner bears the burden, the court has reviewed all of the records submitted in ruling on the motion to dismiss.

October 23, 2012, 187 days of the limitations period still remained during which Perfetto could timely file his federal habeas petition.

After filing his July and August 2012 motions, Perfetto was hospitalized on August 12, 2012, with a serious infection and high fever. Perfetto has asserted that he was still suffering memory impairment as a result of his infection and fever at the time the state court issued its October 23, 2012 Order, and continued to so suffer until May 2013.

Accepting as true Perfetto's claim that he suffered from memory issues at that time, those memory problems do not appear to have impacted his ability to litigate matters pro se within that time period. On October 17, 2012, Perfetto, acting pro se, filed a civil action in this court, Perfetto v. Alexis, No. 12-cv-393-JL (D.N.H.) ("Alexis"). Perfetto's 126-page complaint in Alexis was clearly written and set forth the factual and legal bases upon which Perfetto asserted a right to relief in that matter. See id., Oct. 17, 2012 Compl. (ECF No. 1). The complaint in that case demonstrates that Perfetto was capable of presenting and litigating a civil case on his own behalf at the time his post-conviction motions were denied in the state court on October 23, 2012. Moreover, two months later, Perfetto filed

11

a post-conviction proceeding in state court.  Accordingly, the court finds that Perfetto has not carried his burden of demonstrating that his infection and fever, or the effects thereof, rendered him unable to litigate matters in the two months following October 23, 2012, and he has thus failed to show he is entitled to equitable tolling to exclude any of that period of time, due to the fever and its repercussions.

The limitations period continued to run from October 23, 2012 until December 26, 2012, when Perfetto filed another motion in the state court challenging his conviction - this time on grounds that the trial court lacked jurisdiction over Perfetto's criminal case.[6]  That motion was denied on January 9, 2013.  The period during which that motion was pending is excluded from the limitations period pursuant to § 2244(d)(2).  Accordingly, at the time that motion was filed, an additional 63 days of the limitations period had run, and thus, when the motion was decided on January 9, 2013, 124 days of the limitations period remained.  Perfetto has made no showing that there was any material change in his cognitive abilities after January 9,

---

[6] Respondent argues that Perfetto's December 26, 2012 state court motion challenging the Superior Court's jurisdiction should not toll the limitations period, as it was not "properly filed."  This court need not resolve that issue in this Order, as it would not affect the result here.

2013, that differed from the impairments he alleged he suffered previously (and, as just noted, his litigation history demonstrates that his condition did not prevent him from litigating matters on his own behalf in the state and federal courts).

Nothing further was filed by Perfetto in the state courts until September 15, 2014. The remaining 124 days of the limitations period elapsed without being tolled, and the limitations period expired on May 13, 2013.

While Perfetto again challenged his conviction in proceedings in state court in 2014 and 2015, those proceedings could not reset the limitations clock once it had expired. See Trapp, 479 F.3d at 58-59. Similarly, mental health issues that may have impaired Perfetto after May 13, 2013 do not bear on the question of Perfetto's ability to timely file his habeas petition prior to that date.

In light of the foregoing, it is plain that Perfetto's petition for habeas corpus relief was not timely filed. Accordingly, the court grants the respondent's motion (Doc. No. 24), and dismisses the petition (Doc. No. 1) as untimely.

**Certificate of Appealability**

Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 Proceedings ("§ 2254 Rules") requires the court to "issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the party" in a § 2254 action.  Where the court denies a request for habeas relief on procedural grounds, a COA should issue only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This is not such a case.

The court declines to issue a COA in this case, as reasonable jurists would not find this court's ruling on the timeliness of the petition filed in this action to be debatable.

**Conclusion**

For the foregoing reasons, the respondent's motion to dismiss (Doc. No. 24) Perfetto's habeas petition is GRANTED and the petition (Doc. No. 1) is DISMISSED.  The court declines to issue a COA.  The clerk is directed to enter judgment and close this case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 28, 2019

cc: Robert S. Carey, Esq.
    Elizabeth C. Woodcock, Esq.