**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Jonathan Andrew Perfetto</u>

    v.                                    Case No. 16-cv-473-SM

<u>Commissioner Helen Hanks,</u>
<u>New Hampshire Department of Corrections</u>

**Report and Recommendation**

Jonathan Andrew Perfetto filed a petition pursuant to 28 U.S.C. § 2254 in October of 2016, challenging his conviction and incarceration for possession of child sexual abuse images and failing to comply with sex offender registration and/or reporting requirements. The Commissioner moved to dismiss the petition based on the statute of limitations. Counsel was appointed to represent Perfetto, and an objection was filed, arguing that the limitations period was subject to equitable tolling. The motion was treated as a motion for summary judgment, and the petition was dismissed on March 28, 2019. Doc. no. 57 ("March 28 Order").

Perfetto through counsel has moved for relief from judgment, which was entered following the March 28 Order, pursuant to Rule 60(b)(6). The Commissioner did not file a response. The motion was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b).

## Background

Perfetto does not contest the underlying chronology of the pertinent events as provided in the March 28 Order. For background purposes, that information is provided here as follows:

On December 19, 2011, Perfetto pleaded guilty in New Hampshire Superior Court to five counts of possession of child sexual abuse images, and seven counts of failing to comply with sex offender registration and/or reporting requirements. He was sentenced to serve two consecutive ten to twenty-year prison terms and additional suspended concurrent prison sentences. See State v. Perfetto, No. 216-2011-CR-00107 (N.H. Super. Ct., Hillsborough Cty.) ("Criminal Case"). Perfetto did not file a direct appeal of his conviction or sentence, nor did he seek sentence review (as is permitted under state law). The Superior Court docket indicates that on July 16, 2012, and August 10, 2012, Perfetto filed motions in the trial court to withdraw his guilty plea. See id., Criminal Case, Index Nos. 45, 48. That court denied those motions on October 23, 2012. See id., Index No. 50.

In the meantime, on August 12, 2012, while Perfetto's post-conviction motions were still pending in the state court, Perfetto was diagnosed with septicemia and MRSA and was sent to the emergency room with a life-threatening 107-degree fever

which rendered him unconscious for three days. He was initially hospitalized at an outside hospital and then moved to the prison infirmary for more than a month.  Perfetto claims that his high fever resulted in his having significant memory problems that interfered with his ability to litigate matters until May 2013.

On December 26, 2012 - more than a year after his convictions - Perfetto filed a motion to vacate his conviction in the trial court.[1]  See id., Index No. 51.  That motion was denied on January 9, 2013.  See id., Index No. 52.

Approximately nine months later, on September 15, 2014, Perfetto filed a fourth motion in the trial court, again seeking to withdraw his guilty plea. See id., Index. No. 53.  That motion was denied on February 17, 2015.  See id., Index No. 64. Perfetto appealed the denial of that motion to the New Hampshire Supreme Court ("NHSC").  See id., Index No. 66.  That court declined to accept the appeal on May 11, 2015, see Doc. No. 24-1, and issued the certificate of declination on June 1, 2015, see, Criminal Case, Index No. 68.  But, says Perfetto, he did

---

[1] In the motion to dismiss, the respondent states that the Superior Court docketed petitioner's motion on January 3, 2013, but the motion was dated December 26, 2012. See Doc. No. 24, at 3 n.4. As the pertinent motion was filed by the incarcerated petitioner acting pro se, the court will apply the "prison mailbox rule," and assume, for purposes of considering the motion to dismiss, that petitioner's motion was placed in the prison mail, and thus filed, on December 26, 2012.

3

not personally receive notice that his appeal had been declined until more than four months later, on October 26, 2015.[2]  See Petition for Habeas Corpus, at paras. 31, 32.  Perfetto asserts in his petition that he filed a petition for a writ of certiorari in the United States Supreme Court appealing the NHSC's declination of his appeal, but ultimately abandoned that petition due to his inability to comply with certain filing requirements of that court.  Perfetto filed his petition for federal habeas corpus relief in this court on October 27, 2016 - nearly five years after the state trial court accepted his guilty pleas and sentenced him to prison.[3]

After Perfetto filed his petition here, the court directed him to show cause why his petition should not be dismissed as untimely.  See Apr. 17, 2017 Order (Doc. No. 7) ("April 17 Order").  Perfetto responded to the April 17 Order, stating that the court should find his petition to be timely for the following reasons:

---

[2] The record in this case indicates that the NHSC's May 11, 2015 order declining Perfetto's appeal was sent to his post-conviction attorney and to the trial court on June 1, 2015, but does not indicate the date Perfetto personally received notice of the declination.

[3] The court received Perfetto's petition, which was sent by mail, on October 27, 2016. The court assumes that, pursuant to the "mailbox rule," Perfetto's petition was placed in the prison mail, and thus filed in this court, in the several days prior to the date the court received it.

>    1. The limitations period should not begin to run until May 2, 2012, because that was when he was able to obtain access to legal materials and research resources to determine when his statute of limitations would expire; and
>
>    2. Perfetto sustained a head injury which resulted in his being committed to SPU for 333 days, from June 23, 2013 to May 20, 2014, during which time he was "legally incompetent to engage in legal matters."

See May 19, 2017 Addendum to Petition (Doc. No. 9), at 4-6.

Without making a finding as to the timeliness of Perfetto's petition, the court thereafter directed the respondent to file an answer to the petition. See Jan. 4, 2018 Order (Doc. No. 15). In response, the respondent filed a motion to dismiss the petition on grounds that this federal habeas action is untimely. And, because Perfetto had been transferred to a prison in Montana, the court appointed counsel to represent him to ensure that he was able to access the legal resources necessary to properly respond to the motion to dismiss. See June 28, 2018 Order (Doc. No. 33).

Counsel objected to the motion to dismiss, asserting that the limitations period for this habeas action should be statutorily tolled for 343 days, during the time Perfetto had post-conviction litigation pending in the state court, and for an additional 1,126 days, representing the time Perfetto asserts he was receiving mental health treatment at the New Hampshire State Prison, at either the Secure Psychiatric Unit ("SPU") or

5

the Residential Treatment Unit ("RTU").  See Feb. 25, 2019 Objection to Motion to Dismiss (Doc. No. 53).

In the March 28 Order, the court provided the standard for the limitations period under § 2244(d)(1) and calculated that the time for Perfetto to file a § 2254 petition, which included addressing the tolling issues and time excluded while motions were pending.  Perfetto argued that the time should be equitably tolled based on his physical and mental health conditions and his restricted housing assignments.  The court noted that Perfetto bore the burden of proof for equitable tolling but had not requested an evidentiary hearing for that purpose.  In the absence of a request, no hearing was held.

The court provided the standard for equitable tolling and acknowledged that mental and physical health conditions may provide grounds to support equitable tolling.  Those conditions alone, however, did not justify equitable tolling, and instead, Perfetto was required to show that his physical or mental health or his restricted housing conditions prevented him from filing a petition for habeas corpus relief.  March 28 Order, at 9-10 (citing Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012)).  Because Perfetto merely filed his prison mental health records without any showing as to how his mental condition interfered with his ability to file a habeas petition during the relevant time, he had not made the necessary showing to avoid summary

6

judgment.  March 28 Order, at 10.  The records also did not show, as Perfetto claimed, that he was housed in SHU or RTU during the relevant time.

The court then addressed Perfetto's representations that he suffered memory problems from August of 2012 until May of 2013 because of a serious illness and hospitalization in August of 2012.  The court noted that despite his asserted memory problems, Perfetto continued to compose and file pleadings in other cases in state and federal court.  Based on that record, the court concluded that Perfetto had not shown an inability to file a habeas petition in the remaining months in the limitations period following October 23, 2012, and had not shown grounds for equitable tolling based on memory loss.  With tolling for time when other matters were pending, the limitations period expired on May 13, 2013, almost three and half years before the petition was filed in this case.  The court granted the Commissioner's motion, and the petition was dismissed.  Doc. no. 57.

Perfetto, proceeding pro se, filed a notice of appeal on May 9, 2019.  Appointed counsel's motion to withdraw was granted.  Perfetto moved for more time to respond to the March 28 Order, which was granted, and in response, the court of appeals stayed his appeal, pending resolution of his post-judgment motion.

Perfetto then moved to compel appointed counsel, who had withdrawn from the case, to provide him copies of records in the case. The court ordered production of records in counsel's possession. Counsel filed a notice of compliance on April 26, 2020. The court denied Perfetto's motion for reconsideration but granted his request for the clerk's office to send him copies of psychological evaluations. In the meantime, on December 30, 2019, the court of appeals granted Perfetto's motion to voluntarily dismiss his appeal.

In August of 2020, Perfetto moved for an extension of time to file a motion for relief under Federal Rule of Civil Procedure 60(b)(5), which was granted. In September of 2020, the court granted Perfetto's motion for appointment of counsel to address a motion under Rule 60(b)(5). Counsel on Perfetto's behalf filed a motion for relief under Rule 60(b)(6).

## Discussion

Perfetto contends that he is entitled to relief under Rule 60(b)(6) from the court's order and judgment dismissing his § 2254 petition as time barred under 28 U.S.C. § 2244(d)(1). In support, he asserts that the court should have held an evidentiary hearing to give him the opportunity to show that the statute of limitations should be tolled.

A. Rule 60(b)(6)

Relief from judgment under Rule 60(b)(6) is granted only in extraordinary circumstances. Tharpe v. Sellers, 138 S. Ct. 545, 546 (2018). To determine whether to grant relief under Rule 60(b)(6), the court considers the following factors:

> (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the movant can show a potentially meritorious claim or defense, which, if proven, could bring her success at trial, and (4) the likelihood of unfair prejudice to the opposing party.

Bouret-Echevarria v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 43 (1st Cir. 2015). The court need not consider each factor in depth when one or two factors dictate the result. Id.

B. Hearing

The docket entry for the pending motion states "Hearing Requested." In the motion, however, Perfetto asks for a hearing on his § 2254 petition after judgment is vacated. He does not ask for a hearing on the Rule 60(b)(6) motion or provide grounds to support a request for a hearing. See LR 7.1(d). In the absence of that required showing and lacking any apparent need for a hearing, no hearing will be held on the pending motion.

C. Grounds Raised for Relief from Judgment

Perfetto argues that although he did not request a hearing on the Commissioner's motion to dismiss, the court should have

held a hearing sua sponte to allow him to explain why his mental and physical health and restrictive housing were adequate grounds for equitable tolling. He asserts that a hearing was necessary to adequately develop his arguments and the bases for equitable tolling. By way of example, he disputes the court's reliance on a pleading filed in another case to show his competence during the disputed period because, he says, the pleading was completed before his illness in August of 2012 and was filed with the help of other inmates. He also asks for an opportunity to present testimony from staff about the conditions in the restricted housing units where he was living that prevented him from filing a petition.

### D.   Recommendation

Perfetto was represented by counsel for purposes of opposing the Commissioner's motion to dismiss (converted to a motion for summary judgment). An evidentiary hearing was not requested to oppose the motion. Nothing in the record demonstrated a situation that would require the court to order a hearing sua sponte. Moreover, Perfetto did not move for reconsideration on the ground that a hearing was necessary.

In the current motion, Perfetto states that if an evidentiary hearing had been held, he could have presented evidence of his mental and physical condition and restricted

housing to show that he could not have filed a petition during the relevant time. He does not specifically explain what his health and housing limitations precluded. More importantly, he does not present evidence in support of his motion that demonstrates the debilitating effects of his health conditions or the housing restrictions that precluded filing. He simply argues that an evidentiary hearing would have given him an opportunity to present evidence and explanations for that purpose. As such, he has not shown that his equitable tolling theory is potentially meritorious, if an evidentiary hearing were held.

The district court should conclude that Perfetto has not shown extraordinary circumstances that would require the exceptional relief of vacating the judgment in this case. In the absence of the necessary showing to support relief from judgment under Rule 60(b)(6), the district court should deny the motion.

## Conclusion

For the foregoing reasons, the district court should deny Perfetto's motion for relief from judgment (document no. 100).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended

upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

May 3, 2022

cc: Counsel of record